### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAN D. PRATHER, | ) |
|        Plaintiff, | ) |
| vs. | )    CASE NO. CIV-12-1018-R |
| STILLWATER MEDICAL CENTER, et al., | ) |
|        Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

**Plaintiff's Complaint**

Plaintiff names the Stillwater Medical Center as Defendant, explaining that Defendant is employed as "Health Care" and acting under color of state law as "Doctor."[2] [Doc. No. 1, p. 1]. When called on by the form complaint to briefly state the background of his case, Plaintiff only provides labels such as wrongful death, malpractice, "Duty of Care of John Prather 2001 - 2012," disabilities, and "Disabled Person Discrimination against John Prather

---

[1] Plaintiff has now been placed on notice in multiple cases filed in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915. *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* CIV-12-1369-R [Doc. No. 6].

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

2001 - 2012." *Id.* at 2.

In the first of three counts, Plaintiff references more topics such as involuntary medical experiments, managed care, and hygiene. *Id.* His supporting facts section continues with another reference to malpractice in 2001 - 2012 and states: "Cancer Jhon Prathe All Cancers[.]" *Id.* at 3. Count II contains labels including "'Serious Medical Needs'"and "(Safety Standard)." *Id.* His supporting facts suggest that a private care provider is subject to liability, and include additional labels such as delay in medical treatment and "Medical Experiments/Exploitation." *Id.* Count III and its supporting facts set out yet more labels including medical records and medical medication. *Id.* at 4. By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**<u>Standard for Initial Screening</u>**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

The foregoing review of Plaintiff's complaint in light of the standards on initial screening reveals that Plaintiff has wholly failed to allege facts sufficient to state a recognized legal claim under Section 1983. *See Hall*, 935 F.2d at 1110. Plaintiff only speaks in vague and conclusory terms about inadequate medical care. Moreover, and apart from Plaintiff's failure to properly name any individual who allegedly violated his constitutional rights, Plaintiff has failed to adequately allege that the named Defendant, Stillwater Medical Center, was a state actor who violated his rights under the Constitution or federal law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). "In order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was 'caused

by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)(quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Additionally, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937.  Because Plaintiff's complaint fails to properly state a claim upon which relief can be granted and is frivolous in the absence of an arguable legal basis under 42 U.S.C. § 1983, dismissal without prejudice to refiling is warranted.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by February 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 28th day of January, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE